09CV010276

| | |
|---|---|
| **STATE OF NORTH CAROLINA** | File No. |
| WAKE County | In The General Court Of Justice ☐ District ☒ Superior Court Division |

| | |
|---|---|
| Name Of Plaintiff: KEVIN ALFARO and LISA ALFARO | |
| Address: 853 NEW CASTLE COURT | **CIVIL SUMMONS** |
| City, State, Zip: CARY, NC 27511 | ☐ ALIAS AND PLURIES SUMMONS |
| **VERSUS** | G.S. 1A-1, Rules 3, 4 |
| Name Of Defendant(s): NATIONAL ENTERPRISE SYSTEMS, INC.; JOHN DOE 1, A/K/A "MIKE"; JOHN DOE 2, A/K/A "DAVE KENT" | Date Original Summons Issued: 05-27-2009 |
| | Date(s) Subsequent Summons(es) Issued: |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| NATIONAL ENTERPRISE SYSTEMS, INC.<br>C/o Officer, Director, Managing Agent, Agent for Service of Process<br>150 FAYETTEVILLE STREET, BOX 1011<br>RALEIGH, NC 27601 | |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| | |
|---|---|
| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)<br>SUZANNE BEGNOCHE<br>312 WEST FRANKLIN STREET<br>CHAPEL HILL, NC 27516 | Date Issued: 5/27/09 Time: 11 ☒ AM ☐ PM<br>Signature: [signature]<br>☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court |

| | |
|---|---|
| ☐ ENDORSEMENT<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement: Time: ☐ AM ☐ PM<br>Signature:<br>☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court |

NOTE TO PARTIES: *Many counties have* ***MANDATORY ARBITRATION*** *programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 10/01

(Over)

© 2001 Administrative Office of the Courts

09CVS010276

| | | |
|---|---|---|
| STATE OF NORTH CAROLINA<br>COUNTY OF WAKE | ) | IN THE GENERAL COURT OF JUSTICE<br>SUPERIOR COURT DIVISION<br>File No. 09-CVS- |
| KEVIN ALFARO and LISA ALFARO,<br>Plaintiffs, | ) | |
| vs. | ) | **COMPLAINT**<br>(Jury Trial Requested) |
| NATIONAL ENTERPRISE SYSTEMS, INC.,<br>JOHN DOE 1, a/k/a "MIKE," and<br>JOHN DOE 2, a/k/a "DAVE KENT,"<br>Defendants | ) | |

FILED 2009 MAY 27 AM 10:47 WAKE COUNTY C.S.C. BY

Now come Kevin Alfaro and Lisa Alfaro, Plaintiffs, by and through counsel, complaining of Defendants National Enterprise Systems and John Does 1 and 2, and allege and say that:

## INTRODUCTION

This is an action to redress the injuries Mr. and Mrs. Alfaro suffered when Defendant National Enterprise Systems, Inc., acting by and through its officers, agents, employees, or assigns, including John Does 1 and 2, harassed them, threatened them, and unreasonably publicized private information about Mr. Alfaro while attempting to collect an alleged debt.

## PARTIES, JURISDICTION, AND VENUE

1. The Plaintiffs are husband and wife, and are citizens and residents of Wake County, North Carolina. Mr. Alfaro is a front desk manager at a hotel, and Mrs. Alfaro works part-time at a department store cosmetics counter. The couple has two young children.

2. Defendant National Enterprise Systems, Inc. (hereinafter, "NES") is an Ohio corporation with a principal place of business in Solon, Ohio, and a registered agent for service of process at 150 Fayetteville St., Box 1011, Raleigh NC 27601.

3. NES operates as a debt collection agency subject to the unfair collection practice prohibitions of N.C. Gen. Stat. §§ 58-70-90, *et seq.*

4. Defendant John Doe 1 is an unknown collection agent who uses the name "Mike." At all times relevant to this complaint, "Mike" was an employee or agent of NES, engaged in the work, and about the business of NES, and acting within the course and scope of his authority.

5. Defendant John Doe 2 is an unknown collection agent who uses the name "Dave Kent." At all times relevant to this complaint, "Dave Kent" was an employee or agent of NES, engaged in the work, and about the business of NES, and acting within the course and scope of his authority.

6. Jurisdiction of this Court over the federal claims in this matter arises under 15 U.S.C. § 1692k(d).

7. Venue in this county is proper under N.C. Gen. Stat. § 1-80.

## FACTS

8. On or about January 19, 2009, "Mike" telephoned Mr. Alfaro at his place of employment, the Hampton Inn in Cary, North Carolina. "Mike" claimed that he worked for NES and was collecting on an alleged Bank of America credit card debt.

9. Mr. Alfaro informed "Mike" that he could not take personal calls at work.

10. "Mike" stated that Mr. Alfaro would have to talk to him, because "Mike" was only going to give him two hours to pay $6,000.

11. Mr. Alfaro repeatedly told "Mike" that he could not talk about this matter at work, and asked him to call his home number to speak to Mrs. Alfaro. At that time, "Mike" called the Alfaros' home number and third-partied Mrs. Alfaro into the call.

12. Mrs. Alfaro tried to explain that the family was in a tight financial situation, but was trying to come up with a solution.

13. "Mike" told Mrs. Alfaro that, if she and her husband did not have the money, she should ask her parents to pay the alleged debt. Mrs. Alfaro began trying to explain that her family was unable to come up with $6,000 immediately.

14. "Mike" shouted at Mrs. Alfaro that she and Mr. Alfaro would have to come up with the money within two hours or suffer the consequences. The caller also threatened that NES would be able to take some of the Alfaros' possessions.

15. Mr. Alfaro asked for NES's address so that he could send in a payment. "Mike" refused to give Mr. Alfaro NES's address.

16. Mrs. Alfaro repeatedly asked to speak to a supervisor. "Mike" refused to transfer the call to a supervisor. Instead, he said that he was withdrawing the offer to settle $6,000 because of Mrs. Alfaro's attitude. He told her that now she would have to come up with all the money.

17. Mrs. Alfaro became distraught and began crying. She begged "Mike" to let her husband off the phone because he could not take personal calls at work.

18. After Mr. Alfaro disconnected from the call, Mrs. Alfaro again told "Mike" that the family wanted to pay on the bill, but could only pay a small amount because that was all they had. "Mike" responded, "Well, it's not my fault your husband ran up this bill."

19. After hanging up, Mrs. Alfaro was shaking and fearful and got sick to her stomach.

20. Over the subsequent week, NES representatives continued to call Mr. Alfaro's workplace on a daily basis, despite his request that they not call his work number. Because he does not have a direct phone line at work, all calls to him went first to other employees answering the main line. His co-workers became aware that something was going on.

21. On or about January 26, 2009, an NES representative who identified himself as "Dave Kent" called the Hampton Inn asking to speak to Mr. Alfaro. One of Mr. Alfaro's co-workers answered the phone.

22. The co-worker told "Dave Kent" that Mr. Alfaro was not available; "Kent" then hung up the phone without any response. He called back several minutes later, and the same co-worker answered the phone.

23. "Dave Kent" then asked the co-worker to tell Mr. Alfaro that "legal measures" would be taken if Mr. Alfaro did not call NES back by the end of the day.

24. He also told the co-worker that, if Mr. Alfaro did not call NES by the end of the day, the six thousand dollars he owed would be increased to eleven thousand dollars.

25. The co-worker immediately notified Mr. Alfaro of the call. Mr. Alfaro was very upset, embarrassed, and humiliated that "Dave Kent" had told a co-worker about the alleged debt.

26. Because of the repeated calls during the workday, and the calls to his co-worker, Mr. Alfaro felt obligated to explain what was happening to his manager. His manager told him that he had better get the situation under control.

27. Mr. Alfaro feared losing his job, which is his family's main means of support. Mrs. Alfaro also felt increasingly afraid that her husband would lose his job. She continued to have an upset stomach and was unable to eat for several days. The stress on the couple was overwhelming them.

28. The Alfaros incurred expenses and inconvenience locating an attorney to send a cease-and-desist letter to NES on their behalf.

29. The Alfaros never received any written communication from NES.

## FIRST CLAIM
*Against both Defendants*
(VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT)

30. Plaintiff realleges and incorporates herein the allegations of paragraphs 1 through29.

31. The Alfaros are "consumers" as defined by the Fair Debt Collection Practices Act (hereinafter, "FDCPA") at 15 U.S.C. § 1692a(3).

32. Any payments NES sought to collect were "debts" alleged to be owed as defined by the FDCPA at 15 U.S.C. § 1692a(5).

33. Defendant NES is a "debt collector" as defined by the FDCPA at 15 U.S.C. § 1692a(6).

34. Defendant John Doe 1, also known as "Mike," is a "debt collector" as defined by the FDCPA at 15 U.S.C. § 1692a(6).

35. Defendant John Doe 2, also known as "Dave Kent," is a "debt collector" as defined by the FDCPA at 15 U.S.C. § 1692a(6).

36. Defendants' actions described hereinabove and committed by and through its employees and agents, including John Does 1 and 2, violated the FDCPA. Such violations include, but are not limited to, the following:

   a. Defendants, without consent, communicated about an alleged debt with Mr. Alfaro's co-worker, a person with whom such communication is prohibited under 15 U.S.C. § 1692c(b);

   b. Defendants continued to call Mr. Alfaro at his place of employment despite knowing that his employer did not allow personal calls and that Mr. Alfaro had asked them not to call, in violation of 15 U.S.C. § 1692c(a)(3);

   c. Defendants continued to call Mr. Alfaro at his place of employment despite knowing that such calls were to a place where it was inconvenient for him to talk, in violation of 15 U.S.C. § 1692c(a)(1);

   d. Defendants harassed and threatened Mrs. Alfaro, in violation of 15 U.S.C. § 1692d;

   e. Defendants made false and misleading representations that they could take Mr. Alfaro's personal property when, in fact, such action was not lawful, in violation of 15 U.S.C. § 1692e(4); and

   f. Defendants made false and misleading representations that they were going to "take legal measures" if payment was not made that day when, in fact, they did not intend to do so, in violation of 15 U.S.C. § 1692e(4).

   g. Defendant NES failed to send Mr. Alfaro notice of his rights under the FDCPA, in

violation of 15 U.S.C. § 1692g.

37. As a result of Defendants' actions, Mr. and Mrs. Alfaro suffered anxiety, emotional distress, inconvenience, and had hire an attorney.

38. Defendants are therefore liable under 15 U.S.C. § 1692k to the Alfaros for their actual damages, their statutory damages in an amount of up to $1,000 each, and costs and attorney fees.

SECOND CLAIM

*Against both Defendants*

(VIOLATIONS OF NORTH CAROLINA FAIR DEBT COLLECTION LAWS)

39. Plaintiff realleges and incorporates herein the allegations of paragraphs 1 through 29.

40. At all times relevant, Defendant NES, acting by and through its officers, agents, employees, or assigns, including John Does 1 and 2, was engaged in commerce in the state of North Carolina.

41. The Alfaros are "consumers" as defined by N.C. Gen. Stat. § 75-50(1), and any payments NES sought to collect were "debts" alleged to be owed as defined by N.C. Gen. Stat. § 75-50(2).

42. Defendant NES is a "debt collector" as defined by N.C. Gen. Stat. § 75-50(3).

43. Defendant John Doe 1, also known as "Mike," is a "debt collector" as defined by N.C. Gen. Stat. § 75-50(3).

44. Defendant John Doe 2, also known as "Dave Kent," is a "debt collector" as defined by N.C. Gen. Stat. § 75-50(3).

45. Defendants' actions, committed by and through NES's employees and agents and by Dave Kent, were willful and were unfair debt collection practices in violation of N.C. Gen. Stat. § 75-50, *et. seq*. Such violations include, but are not limited to, the following:

   a. Defendant's employee, acting within the course and scope of his employment, unreasonably publicized information regarding an alleged debt, in violation of N.C.G.S. § 75-53;

   b. Defendant's employee, acting within the course and scope of his employment, harassed Mr. Alfaro by making calls to his place of employment, contrary to his instructions, in violation of N.C.G.S. § 75-52;

   c. Defendant's employee, acting within the course and scope of his employment, oppressed, harassed, and abused Mrs. Alfaro while speaking with her over the telephone in violation of N.C.G.S. § 75-52; and

d. Defendant's employee, acting within the course and scope of his employment, threatened to "take legal measures" if he did not receive $6,000 by the day's end, when in fact, he did not intend to take such action in the usual course of business, and also threatened to take personal property, an action not permitted by law in the absence of a judgment, in violation of N.C.G.S. § 75-51.

46. Defendants' acts are unfair and deceptive in violation of N.C. Gen. Stat. § 75-1.1 in that they offend established public policy, and are immoral, unethical, oppressive, unscrupulous, substantially injurious to consumers, and have the capacity or tendency to mislead.

47. Defendants proximately caused injury to the Alfaros in that they suffered anxiety, emotional distress, inconvenience, and had to hire an attorney.

48. Under N.C. Gen. Stat. § 75-56, Defendants are therefore liable for the Alfaros' actual damages, plus up to $2000 in statutory damages to each of the Alfaros respectively, for each violation of N.C. Gen. Stat. § 75-50 *et. seq.*

THIRD CLAIM

*Against NES*

*(in the alternative if NES is not a "debt collector" under N.C.G.S. 75-50)*

(VIOLATIONS OF NORTH CAROLINA FAIR DEBT COLLECTION LAWS)

49. Plaintiff realleges and incorporates herein the allegations of paragraphs 1 through 29.

50. At all times relevant, Defendant NES, acting by and through its officers, agents, employees, or assigns, including John Does 1 and 2, was engaged in commerce in the state of North Carolina.

51. The Alfaros are "consumers" as defined by N.C. Gen. Stat. § 58-70-90(2), and any payments NES sought to collect were "debts" alleged to be owed as defined by N.C. Gen. Stat. § 58-70-90(3).

52. Defendant NES is a "collection agency" as defined by N.C. Gen. Stat. § 58-70-90.

53. Defendant NES's actions, committed by and through its employees and agents, were wilfull and were unfair debt collection practices in violation of N.C. Gen. Stat. § 58-70-90, *et. seq.* Such violations include, but are not limited to, the following:

a. Defendant's employee, acting within the course and scope of his employment, unreasonably publicized information regarding an alleged debt, in violation of N.C.G.S. § 58-70-105;

b. Defendant's employee, acting within the course and scope of his employment, harassed Mr. Alfaro by making calls to his place of employment, contrary to his instructions, in violation of N.C.G.S. § 58-70-100;

c. Defendant's employee, acting within the course and scope of his employment, oppressed, harassed, and abused Mrs. Alfaro while speaking with her over the telephone in violation of N.C.G.S. § 58-70-100; and

d. Defendant's employee, acting within the course and scope of his employment, threatened to "take legal measures" if he did not receive $6,000 by the day's end, when in fact, he did not intend to take such action in the usual course of business, and also threatened to take personal property, an action not permitted by law in the absence of a judgment, in violation of N.C.G.S. § 58-70-90.

54. The acts of Defendant NES, committed by and through its employees described herein, are unfair and deceptive in that they offend established public policy, and are immoral, unethical, oppressive, unscrupulous, substantially injurious to consumers, and have the capacity or tendency to mislead.

55. Defendant NES's conduct, committed by and through its officers, agents, employees, or assigns, proximately caused injury to the Alfaros in that they suffered anxiety, emotional distress, inconvenience, and had hire an attorney.

56. Under N.C. Gen. Stat. § 58-70-130, Defendant NES is therefore liable for the Alfaros' actual damages, plus an amount not less than $100, but no greater than $2000 in statutory damages, to each of the Alfaros respectively, for each violation of N.C. Gen. Stat. § 58-70-90 *et. seq.*

WHEREFORE, Plaintiffs pray the Court:

1. That on the Court award Kevin Alfaro and Lisa Alfaro actual and statutory damages in excess of $10,000 pursuant to the violations of the Fair Debt Collection Practices Act and North Carolina's debt collection statutes alleged herein;

2. That the costs of this action and Plaintiffs' reasonable attorney fees be assessed against Defendants pursuant to 15 § U.S.C. 1692k and N.C. Gen. Stat. § 75-16.1;

3. That Plaintiffs receive a jury trial on all matters; and

4. For such and other further relief to which Plaintiffs hereto may be entitled and which the Court deems just and proper.

This the 27 day of May, 2009.

Suzanne Begnoche

SUZANNE BEGNOCHE
Attorney for Plaintiffs
NCSB # 35158
312 West Franklin Street
Chapel Hill, NC 27516
(919) 960-6108

STATE OF NORTH CAROLINA
WAKE COUNTY

**VERIFICATION**

Kevin Alfaro, being duly sworn, deposes and says:

1. I am a Plaintiff in this civil proceeding, an adult person, and competent to testify as to the matters stated herein and in the forgoing Complaint.
2. I have read the forgoing Complaint prepared by my attorney, and its contents are true to my own personal knowledge, except as to matters stated on information and belief, and as to those matters, I believe them to be true after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorney which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorney where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

[signature]
*Kevin Alfaro*

Sworn to and subscribed before me, this 27th day of May, 2009.

Suzanne Begnoche
Notary Public
My commission expires: 3-09-2012

SUZANNE BEGNOCHE
NOTARY PUBLIC
DURHAM COUNTY, NC

STATE OF NORTH CAROLINA
WAKE COUNTY

**VERIFICATION**

Lisa Alfaro, being duly sworn, deposes and says:

1. I am a Plaintiff in this civil proceeding, an adult person, and competent to testify as to the matters stated herein and in the forgoing Complaint.
2. I have read the forgoing Complaint prepared by my attorney, and its contents are true to my own personal knowledge, except as to matters stated on information and belief, and as to those matters, I believe them to be true after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorney which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorney where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Lisa L. Alfaro
*Lisa Alfaro*

Sworn to and subscribed before me, this 27th day of May, 2009.

Suzanne Begnoche
Notary Public
My commission expires: 3-07-2012

SUZANNE BEGNOCHE NOTARY PUBLIC DURHAM COUNTY, NC

STATE OF NORTH CAROLINA
COUNTY OF WAKE

## AFFIDAVIT

Ashley Lewis, being duly sworn, deposes and says:

1. I am an adult person competent to give testimony, and I have personal knowledge of the facts herein.

2. I am currently the front desk representative for the Hampton Inn located at 201 Ashville Avenue, in Cary, North Carolina, 27518.

3. Kevin Alfaro is the front desk manager at this Hampton Inn location.

4. On January 26, 2009, as I worked the evening shift at the hotel, I received a call around 5:45 p.m. from a man who identified himself as "Dave Kent."

5. Mr. Kent did not tell me who he was representing, but asked if Mr. Alfaro was available.

6. I told Mr. Kent that Mr. Alfaro had already left for the day; Mr. Kent hung up without any response.

7. Approximately one minute later, Mr. Kent called me back.

8. Mr. Kent told me to relay a message to Mr. Alfaro; and I quote, "Tell Mr. Alfaro that legal measures will be taken if he does not call by the end of the day, and if he does not call the six thousand dollars will be increased to eleven thousand dollars."

9. I called Mr. Alfaro and explained to him what just happened, and he seemed to be distraught and frustrated that Mr. Kent would go into detail about monetary transactions between Mr. Alfaro and himself to someone he does not know.

10. I certify that, to the best of my knowledge and belief, all the information on this affidavit is true, correct, and complete, and made in good faith.

THIS the 21st day of February, 2009.

BY: [signature]
Ashley Lewis

---

STATE OF NORTH CAROLINA
COUNTY OF WAKE

Signed and sworn to or affirmed before me this day by Ashley Lewis. Witness my hand and official seal or stamp, this 21st day of February, 2009.

CLARK REDFORD
NOTARY
PUBLIC
WAKE COUNTY, NC

Notary Public Official Signature [signature]
Notary Printed or Typed Name Clark Redford
My commission expires: 11-16-2009

STATE OF NORTH CAROLINA
COUNTY OF WAKE

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
File No. 09-CVS-10276

FILED
2009 JUN 9 AM 10: ...
WAKE COUNTY, C.S.C.
BY ____________

| | | |
|---|---|---|
| KEVIN ALFARO and LISA ALFARO, Plaintiffs, | ) | |
| vs. | ) | **AFFIDAVIT OF SERVICE** |
| NATIONAL ENTERPRISE SYSTEMS, INC., JOHN DOE 1, a/k/a "MIKE," and JOHN DOE 2, a/k/a "DAVE KENT," Defendants | ) | |

The undersigned certifies that:

(1) A copy of the summons and complaint in the above-entitled action was deposited in the Post Office for mailing by certified mail, return receipt requested;
(2) It was mailed to Defendant National Enterprise Systems, Inc., in the care of its registered agent at 150 Fayetteville Street, Box 1011, Raleigh, North Carolina 27601;
(3) Process was in fact received, however, on May 29, 2009, as evidenced by the signature on the attached return receipt.

Suzanne Begnoche
SUZANNE BEGNOCHE
Attorney for Plaintiff
NCSB # 35158
312 West Franklin Street
Chapel Hill, NC 27516
(919) 960-6108

Sworn to or affirmed and subscribed before me this the 8th day of June, 2009 by Suzanne Begnoche.

REBECCA M. JOHNSON NOTARY PUBLIC CHATHAM COUNTY, NC

Rebecca M Johnson
Rebecca M. Johnson, Notary Public
My commission expires: 7/27/2012

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

National Enterprise Systems, Inc.
Officer, Director, Managing Agent,
or Agent for Service of Process
%150 Fayetteville St., Box 1011
Raleigh, NC 27601

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature
X A. Aneretsky ☒ Agent ☐ Addressee

B. Received by (*Printed Name*)

C. Date of Delivery
5-29-09

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*) ☐ Yes

2. Article Number
(*Transfer from service label*) 7008 0500 0000 2816 0676

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

STATE OF NORTH CAROLINA
COUNTY OF WAKE

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
File No. 09-CVS-10276

| | | |
|---|---|---|
| KEVIN ALFARO and LISA ALFARO, Plaintiffs, | ) | |
| vs. | ) | **CERTIFICATE OF SERVICE** |
| NATIONAL ENTERPRISE SYSTEMS, INC., JOHN DOE 1, a/k/a "MIKE," and JOHN DOE 2, a/k/a "DAVE KENT," Defendants | ) | |

This is to certify that I have this day served Defendant National Enterprise Systems, Inc. in the forgoing matter with a copy of the **Affidavit of Service by Mail** by depositing it in a postage-paid, properly addressed envelope with the United States Postal Service and addressed to its attorney as below, in a manner prescribed by Rule 5 of the North Carolina Rules of Civil Procedure.

Boyd W. Gentry, Esq.
Surdyk, Dowd & Turner Co., L.P.A.
One Prestige Place, Suite 700
Miamisburg, Ohio 45342

This the 8th day of June, 2009.

Suzanne Begnoche

SUZANNE BEGNOCHE
Attorney for Plaintiff
NCSB # 35158
312 West Franklin Street
Chapel Hill, NC 27516
(919) 960-6108